UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ELEKTRA ENTERTAINMENT GROUP INC.,                           :
et al.,                                                     :
                                                            :
                            Plaintiffs,                     :
                                                            :
        -against-                                           :
                                                            :      MEMORANDUM & ORDER
MICHELLE SANTANGELO and                                     :      06 Civ. 11520 (SCR)(MDF)
ROBERT SANTANGELO, JR.,                                     :
                                                            :
                            Defendants.                     :
------------------------------------------------------------X

MARK D. FOX, United States Magistrate Judge.

As set forth in the minute entry for the initial pretrial conference held in this case on July 13, 2007, the Honorable Stephen C. Robinson, United States District Judge, granted Defendant Michelle Santangelo's motion to vacate the default judgment which had been entered against her on January 5, 2007 (Doc. # 11). *See* Civil Docket Minute Entry for 7/13/07. The minute entry further states that Plaintiffs were granted leave to file a motion for costs of the default judgment, *see id.*, which motion has been referred to me for decision.[1]

Plaintiffs submitted an application, seeking attorneys' fees in the amount of $513.00 and costs in the amount of $30.65, all incurred in connection with the default judgment (Doc. #'s 25-27, 35). In response, Defendant reargued the motion to vacate the default judgment, positing reasons why the judgment should have been vacated, and using those as a basis to argue against the award of attorneys' fees and costs (Doc. #'s 31, 32). However, that motion has already been decided by Judge Robinson and shall not be revisited here. With respect to attorneys' fees and

---

[1]Because this has been referred to me as a non-dispositive motion, *see* Order Referring Case to Magistrate Judge (Doc. # 47), I am deciding it by way of Memorandum & Order.

costs, courts may grant such applications in conjunction with vacatur of a default judgment. *See, e.g., Powerserve Int'l, Inc. v. Lavi,* 239 F.3d 508, 515 (2d Cir. 2001) ("In determining whether to exercise its discretion to set aside a default, . . . a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party."); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 CIV 1290, 2002 WL 122927, at *8-*9 (S.D.N.Y. Jan. 29, 2002) (allowing plaintiff to recover attorney's fees and costs incurred as a result of the default). However, Plaintiffs' counsel's request, while reasonable on its face, fails to satisfy the requirements for a fee application in this Circuit.[2]

The Second Circuit held in *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983),

> Hereafter, any attorney – whether a private practitioner or an employee of a nonprofit law office – who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.

In the instant case, Plaintiffs' attorneys have simply summarized the fees and costs incurred in a chart which sets forth the name and position of the person doing the work, the nature of the work done, the amount of time spent, the hourly rate for such person, and the total amount of money sought for each entry. *See* Decl. of Richard L. Gabriel, Esq. [Doc. # 27] ¶ 7. They have not given the dates on which the work was done, and their submission fails to meet the contemporaneous time records requirement. While this does not require that the contemporaneous time records themselves be produced, counsel must provide documentation

---

[2]Indeed, Defendant does not contend that the hourly rates claimed by Plaintiffs' counsel are unreasonable, but notes that Plaintiffs' counsel failed to provide any dates for their work related to obtaining the default judgment. *See* Affirmation in Opp'n [Doc. # 31] ¶ 55.

that is based upon, or is a reconstruction of, those records . *See RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 CIV 1290, 2002 WL 1285359, at *1-*2 (S.D.N.Y. June 10, 2002) (citing *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) and *David v. Sullivan*, 777 F. Supp. 212, 223 (E.D.N.Y. 1991)).

Therefore, Plaintiffs' fee application is denied without prejudice to renew based upon sufficient documentation – either the contemporaneous time records upon which the chart was based or, if that is not possible, a partner from Plaintiffs' counsel's firm must submit an affidavit describing the firm's record-keeping and billing procedures sufficient to make the required showing. *See RLS Assocs., LLC*, 2002 WL 1285359, at *2 (fee application denied without prejudice to re-submission).[3]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' fee application is denied without prejudice to renew, with such renewed application to be filed and served no later than February __, 2008. Defendant,

---

[3]Consequently, I need not address at this time Defendant's objection to Plaintiffs' request for fees related to the subpoena and the subpoena *duces tecum*. *See* Affirmation in Opp'n [Doc. # 31] ¶ 56.

if she wishes, may file and serve additional responsive papers, confined to the issue of the fee application itself, on or before March 14, 2008.

Dated: February 11, 2008
White Plains, New York

SO ORDERED,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE