UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                        :

ELEKTRA ENTERTAINMENT GROUP INC.,    :
et al.,                                   :
                                          :

                       Plaintiffs,   :
                                          :

    -against-                      :
                                          :     MEMORANDUM & ORDER
MICHELLE SANTANGELO and         :     06 Civ. 11520 (SCR)(MDF)
ROBERT SANTANGELO, JR.,        :
                                          :

                       Defendants.   :
------------------------------------------------------------------X

MARK D. FOX, United States Magistrate Judge.

      Defendants, Michelle Santangelo and Robert Santangelo, Jr., move for leave to serve a

third-party complaint in the above-captioned action, which motion (Doc. #'s 36, 37, 40, 41, 48)

has been referred to me for decision.[1]  The original complaint filed by Plaintiffs – Elektra

Entertainment Group, Inc., Virgin Records America, Inc., UMG Recordings, Inc., BMG Music,

and Sony BMG Music Entertainment – asserts a single claim for copyright infringement,

claiming that Defendants, without Plaintiffs' permission or consent, used an online media

distribution system to download, distribute, and/or make available for distribution, certain of

Plaintiffs' copyrighted sound recordings.  Compl. ¶ 18.  Pursuant to the Copyright Act, 17

U.S.C. §§ 504(c) and 505, they seek statutory damages, including attorneys' fees and costs.  *Id.* ¶

20.  In addition, pursuant to 17 U.S.C. §§ 502 and 503, they seek an injunction against further

infringement of their copyrights by Defendants, as well as an order that Defendants destroy all

copies of sound recordings made in violation of Plaintiffs' exclusive rights.  *Id.* ¶ 21.

---

[1]Because this has been referred to me as a non-dispositive motion, *see* Order Referring Case to
Magistrate Judge (Doc. # 47), I am deciding it by way of Memorandum & Order.

Defendants now seek leave, under Fed. R. Civ. P. 14(a), to serve a third-party complaint upon AOL, LLC ("AOL"), Sharman Networks, PLC ("Sharman"), and Matthew Seckler ("Seckler"). The proposed third-party complaint[2] asserts four causes of action, three of which are asserted against each of the Third-Party Defendants individually: 1) against AOL for entrapment, failure to warn, reckless endangerment of children, general tort, and breach of contract; 2) against Sharman for trespass, general tort, destruction of personal property, theft, and installation of a dangerous instrument on the property of another; and 3) against Seckler for trespass, general tort, destruction of personal property, and installation of a dangerous instrument on the property of another. The fourth cause of action is asserted against all of the Third-Party Defendants for indemnification and/or contribution in the event that Defendants are held liable to the original Plaintiffs. Plaintiffs oppose Defendants' motion for leave to serve the third-party complaint.

## DISCUSSION

### Rule 14 Standard

Rule 14(a) of the Federal Rules of Civil Procedure, as amended, states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "Although Rule 14(a)'s purpose is to promote judicial economy, . . . the right to implead third parties is not automatic, and the decision whether to permit impleader rests within the sound discretion of the district court." *Doucette v. Vibe Records, Inc.*, 233 F.R.D. 117, 120 (E.D.N.Y. 2005) (internal quotation marks

---

[2]The Court's decision herein is based on the revised version of Defendants' proposed third-party complaint, which was submitted with their reply papers.

and citation omitted).

"It is well-settled that a third-party action, also known as an impleader action, must be dependent on, or derivative of, the main claim. . . . [W]hen determining whether impleading a third-party is appropriate, the third-party defendant's liability to the third-party plaintiff must be 'dependent upon the outcome of the main claim' or the third-party defendant must be 'potentially secondarily liable *as a contributor* to the defendant.'" *Id.* (citations omitted) (emphasis in original). Generally, the traditional grounds for a third-party action are indemnification, contribution, or subrogation, but other types of claims may be brought in a third-party complaint. *Id.* Nonetheless, "regardless of the type of claim asserted, the 'third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery,' or 'the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant.' In other words, '[t]he outcome of the third-party claim must be contingent on the outcome of the main claim. . . .'" *Id.* (citations omitted).

***Claim of Indemnification and/or Contribution for Copyright Infringement***

In their proposed third-party complaint, Defendants include a cause of action for indemnification and/or contribution against the Third-Party Defendants in the event that they are found liable on Plaintiffs' claim for copyright infringement. However, such a claim for indemnification or contribution will lie only if: "(1) the Copyright Act creates such a right to [indemnification or] contribution either explicitly or implicitly, or (2) such a right inheres as a matter of federal common law." *Lehman Bros., Inc. v. Wu*, 294 F. Supp. 2d 504, 504-05 (S.D.N.Y. 2003) (citing *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638 (1981)). Courts have held that no such rights exist under either the Copyright Act or federal common law.

*See Lehman Bros., Inc.*, 294 F. Supp. 2d at 505 (dismissing contribution claim); *Pure Country*

*Weavers, Inc. v. Bristar, Inc.*, 410 F. Supp. 2d 439, 447-48 (W.D.N.C. 2006) (dismissing

indemnification claim).  Therefore, Defendants cannot proceed with their proposed third-party

claim of indemnification and/or contribution for copyright infringement.[3]

***Additional Claims in the Proposed Third-Party Complaint***

As set forth above, aside from the cause of action for indemnification and/or contribution,

Defendants seek to bring three other causes of action for various claims against the Third-Party

Defendants.  However, a close reading of those causes of action reveals them to be independent

claims, rather than derivative of or dependent upon the outcome of Plaintiffs' claim.  "A third-

party complaint 'is a narrow device' and cannot be used to bring in other matters that may have

some relationship to the case."  *Doucette*, 233 F.R.D. at 120 (citations omitted); *see also*

*Schwabach v. Mem'l Sloan-Kettering Cancer Ctr.*, 99 Civ. 1320, 2000 U.S. Dist. LEXIS 797, at

*8 (S.D.N.Y. Jan. 31, 2000) ("An entirely separate and independent claim cannot be maintained

against a third party under Rule 14, even though it arises out of the same general set of facts as

the main claim.") (internal quotation marks and citation omitted).[4]

In the original complaint, Plaintiffs assert a single claim of copyright infringement.  "A

successful claim of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 501 *et*

---

[3]The statement by the district court in *Interscope Records v. Duty*, No. 05CV3744, 2006 WL
988086, at *2 (D. Ariz. Apr. 14, 2006), cited by Defendants herein, that "following this action,
[Defendant] may have a viable claim against Sharman for contribution," is *dictum*.

[4]At oral argument on this motion, held on October 23, 2007, Defendants' attorney noted that "the
third parties, AOL – American Online – and Sharman, are not about contribution only, to the extent
they're about contribution at all outside the *ad-damnum* clause.  There [sic] are about two underlying and
separate issues which arise from the same set of facts and circumstances . . ."  Tr. at 4-5 (emphasis
added).

*seq.,* requires proof that (1) the plaintiff had a valid copyright in the work allegedly infringed and (2) the defendant infringed the plaintiff's copyright by copying protected elements of the plaintiff's work." *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995) (citation omitted). A finding that Defendants infringed Plaintiffs' copyrights does not require proof of intent to infringe or knowledge of infringement. *Id.* at 471 (citing cases).

Defendants' causes of action, in contrast, contain a whole host of claims completely unrelated, either factually or legally, to copyright infringement. To begin, Defendants' cause of action against AOL – for entrapment, failure to warn, reckless endangerment of children, general tort, and breach of contract – is based on the contractual relationship between AOL and parents, such as Defendants' mother, who used its Internet Service Provider services and were led to believe that AOL had parental controls in place to prevent children from illegally downloading music files. Thus, this cause of action involves the independent contractual relationship that AOL had with Defendants' mother, and any alleged breach of that contract, or the duties arising thereunder, may still be litigated regardless of whether Plaintiffs prevail on their claim of copyright infringement. *See Schwabach*, 2000 U.S. Dist. LEXIS 797, at *9 (third-party claim for breach of contract was not a proper basis for impleader).

Defendants' cause of action against Sharman – for trespass, general tort, destruction of personal property, theft, and installation of a dangerous instrument on the property of another – relates to the damages inflicted upon them by Sharman's Kazaa software, including irreparable damage to their computer (in reality, their mother's computer, *see* Defs.' Reply Mem. of Law [Doc. # 48] Ex. B ¶ 35), which was rendered inoperable by the program. They allege that Sharman was aware of the dangers of its Kazaa software – the destruction of computers and data,

5

the stealing of information, and the distribution of files in violation of copyright laws, *see id.* ¶ 26, n.2 – but did nothing to protect users. Again, this cause of action goes beyond the scope of Plaintiffs' claim for copyright infringement and may be litigated independently thereof, as it involves the relationship between Sharman and users of its Kazaa software, the duties that Sharman might owe to those users, and the theft suffered by those users, as well as the physical damage caused to Defendants' mother's computer by the program.

Lastly, Defendants' cause of action against Seckler – for trespass, general tort, destruction of personal property, and installation of a dangerous instrument on the property of another – claims that Seckler committed trespass when he installed the Kazaa program onto their mother's computer without her permission or knowledge. In addition, they claim that Seckler was reckless in failing to block the Kazaa file-sharing feature when he installed the program and breached his duty to the Santangelos not to install dangerous instrumentalities on their computer. Finally, they claim that Seckler caused the theft of their legally-owned music and the destruction of their computer "by having had viruses spread through the hard drive by Kazaa." *Id.* ¶ 39. This cause of action is likewise independent of Plaintiffs' claim for copyright infringement, as it pertains to dealings between Defendants and Seckler – *e.g.*, if, when, and how he installed Kazaa onto their mother's computer; whether Defendants themselves were aware of the installation and gave him permission to do it – as well as the physical damage caused to their mother's computer by installation of the program.

Notably, it is hard to see how Defendants' causes of action, which concern injuries suffered as a result of trespass and damage to their mother's computer, as well as AOL's failure to provide their mother with the necessary parental controls, are derivative of Plaintiffs' claim

against the Defendant children for copyright infringement.

Moreover, "it is clear from the forms of relief requested in the third-party complaint . . . that the Defendants are not attempting to pass on all or part of the liability asserted by the Plaintiff[s], but seek affirmative and equitable relief above and beyond the relief sought by the Plaintiff[s]." *Doucette*, 233 F.R.D. at 120. In this case, Defendants seek damages in the full amount awarded to Plaintiffs. *See* Defs.' Reply Mem. of Law [Doc. # 48] Ex. B ¶ 45 ("In the event that Plaintiffs should receive any judgment against the Defendants and Third-Party Plaintiffs, then Defendants and Third-Party Plaintiffs should be entitled to judgment against the Third-Party Defendants, as specified in the "**WHEREFORE**" clause for contribution in the full amount of the amount of damages and costs awarded to Plaintiffs."). However, with respect to AOL and Sharman, they also seek additional monetary relief, *see id.* "Wherefore" Clause ¶¶ a., b. & n.3 ($3,966,000.00 in damages "calculated as 1,322 songs alleged downloaded by Defendants and Third Party Plaintiffs times a possible statutory $3,000.00 per song; alternatively, the amount is for damages *in addition to* any amount owed the original Plaintiffs.") (emphasis added), ¶ c(v)-(vi) (seeking third-party plaintiffs' costs and attorneys' fees), as well as injunctive and equitable relief, barring AOL and Sharman from delivering unlicensed MP3 files and ordering AOL and Sharman each to provide 100 nationally-televised public service announcements concerning file downloading and file sharing and to provide warning messages with each download regarding copyright laws. *See id.* ¶¶ c.(ii)-(iv). With respect to Seckler, Defendants add a *proviso*, stating that they seek judgment against him "in the amount of one dollar provided he participates throughout the course of this action and that he does not default in the action, or for any judgment amount which might be incurred by the original Defendants

proposed third-party complaint is not derivative of or dependent upon Plaintiffs' original complaint.

In sum, impleading Third-Party Defendants AOL, Sharman, and Seckler "would in no way further the purpose of Rule 14 as a mechanism for eliminating multiple and repetitive lawsuits and trials by allowing for a single presentation of evidence when multiple claims turn upon identical or similar proof. The interest in judicial economy which underlies Rule 14 is clearly not advanced when the claims asserted against the third party only complicate the case by adding entirely new factual and legal issues unrelated to plaintiff's underlying claim." *Schwabach*, 2000 U.S. Dist. LEXIS 797, at *10-*11 (internal quotation marks and citations omitted).[5]

## CONCLUSION

For the foregoing reasons, Defendants' motion for leave to serve a third-party complaint is denied.

Dated: February 15, 2008
White Plains, New York

SO ORDERED,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

---

[5] Because I find that Defendants' proposed third-party claims are not a proper basis for impleader, I need not address the issue of service of process upon Sharman.

8